**WORLD MUSIC, et al., Plaintiffs,**

v.

**ARROW VENDING, INC., et al., Defendants.**

**No. 87 C 5668.**

United States District Court,
N.D. Illinois, E.D.
Jan. 6, 1988.

Dennis C. Waldon, Monica L. Thompson, Michael J. Allen, Gloria M. Longest, Keck, Mahin & Cate, Chicago, Ill., for plaintiffs.

Glenn Seiden, Glenn Seiden & Associates, Chicago, Ill., for defendants.

### ORDER

BUA, District Judge.

Defendants' motion to quash production requests and interrogatories relating to defendant Arrow Vending, Inc., is denied.

On June 25, 1987, plaintiffs instituted this action against defendants Arrow Vending, Inc., ("Arrow") and Robert O'Donnell ("O'Donnell"), President of Arrow, alleging defendants infringed upon certain copyrighted musical compositions owned by plaintiffs. At the time plaintiffs served Arrow and O'Donnell with the complaint and summons, Arrow and O'Donnell were also served with various interrogatories and production requests. Subsequently, on December 7, 1987, O'Donnell was indicted by a federal grand jury on bribery charges.

Arrow and O'Donnell move to quash plaintiffs' discovery requests on the ground that production of the requested documents and responses to the posed interrogatories would violate O'Donnell's Fifth Amendment self-incrimination privilege. In their reply to defendants' motion to quash, plaintiffs concede that the personal records of O'Donnell are not discoverable but argue that any purported privilege O'Donnell may possess cannot shield Arrow from its obligation to produce corporate records and

respond to interrogatories concerning its business transactions. Plaintiffs essentially assert that since corporations possess no Fifth Amendment privilege against self-incrimination, Arrow must comply with plaintiffs' discovery requests. This court agrees.

Although the Seventh Circuit has not yet passed on the precise issue presented by this motion, little doubt exists that the position taken by other circuit courts addressing this question will be adopted. *See In re Grand Jury No. 86–3 (Will Roberts Corp.),* 816 F.2d 569, 572–73 (11th Cir.1987) (collecting authority). Producing documents may in some circumstances constitute personal testimony "conceding the document's existence, their possession or control, or the fact that the one producing them believes them to be documents described in the subpoena." *In re Two Grand Jury Subpoenae Duces Tecum,* 769 F.2d 52, 57 (2d Cir.1985). The Fifth Amendment, however, protects a person only from incriminating himself by his own compelled testimonial communications and not from being incriminated by the testimonial act of a third party such as a corporation which produces requested information. *Id.* In rare situations where a corporation's custodian of records would incriminate himself by producing the company's records, the corporation must appoint some other employee or agent to produce the documents. *Id.* Simply put, no situation could exist which would prevent a corporation from producing corporate records as the corporation itself possesses no Fifth Amendment privilege.

In the present case, no assertion is made that the act of producing the documents requested is testimonial in nature and incriminating. Thus, it is unclear whether O'Donnell is properly asserting his Fifth Amendment privilege. Second, plaintiffs clearly state they are not requesting that O'Donnell personally produce Arrow's records. Plaintiffs simply request that Arrow, through any employee or agent, produce the documents and information sought. As the law is clear that Arrow cannot assert O'Donnell's privilege as a shield to plaintiff's discovery requests, Ar-

row is ordered to respond to plaintiffs' interrogatories and production requests within two business days from the date of this order. The January 12, 1988 trial date remains firm.